CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Renato Rico**, <br><br> Plaintiff, <br><br> v. <br><br> **Alameda Family Limited Partnership**, a California Limited Partnership; **Alameda Check Cashing Inc.**, a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Renato Rico complains of Alameda Family Limited Partnership, a California Limited Partnership; Alameda Check Cashing Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2. Defendant Alameda Family Limited Partnership owned the real

1

Complaint

property located at or about 4501 Alameda Street, Vernon, California, in October 2018.

3.   Defendant Alameda Family Limited Partnership owns the real property located at or about 4501 Alameda Street, Vernon, California, currently.

4.   Defendant Alameda Check Cashing Inc. owned Alameda Check Cashing located at or about 4501 Alameda Street, Vernon, California, in October 2018.

5.   Defendant Alameda Check Cashing Inc. owns Alameda Check Cashing located at or about 4501 Alameda Street, Vernon, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

Complaint

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to Alameda Check Cashing in October 2018 to send money.

11. Alameda Check Cashing is a facility open to the public, a place of public accommodation, and a business establishment.

12. Transaction counters are also one of the facilities, privileges, and advantages offered by Defendants to patrons of Alameda Check Cashing.

13. There is a transaction counter for surface transactions between the customer representative and customers. Unfortunately, the transaction counter at Alameda Check Cashing was more than 36 inches in height. In fact, the transaction counter was about 42 inches in height.

14. There is a lowered counter next to the transaction counter but that is about 38 inches above the finish floor. This lowered counter was not open, was not manned, and was not made available when Plaintiff visited Alameda Check Cashing personnel. In fact, on the day of plaintiff's visit, the window at the lowered counter had a sign that read "Cerrado," which means closed in English.

15. Plaintiff's investigator investigated the property a few weeks after plaintiff's visit. The "Cerrado" sign was still present on the lowered window at the transaction counter.

16. Regardless, both transaction are not accessible to wheelchair users. There is no counter that is 36 inches or less that plaintiff can use for his transactions.

17. Because no one was physically working the lowered transaction counter

Complaint

1   at the time of plaintiff's visit, his transaction had to be handled at the higher

2   transaction counter.

3       18. Plaintiff, as a result, had to conduct his transactions over the higher

4   counter, which is 42 inches in height. Plaintiff had to use a magazine on his lap

5   for support to complete his transactions.

6       19. Defendants do not have a policy or procedure in place to provide

7   assistance to disabled customers at the lowered counter.

8       20. Because defendants do not have a policy of providing assistance to

9   disabled customers at the lowered counter, the plaintiff was discriminated on

10  the day he visited.

11      21. Defendants have failed to maintain in operable working condition those

12  features of facilities and equipment that are required to be readily accessible to

13  and usable by persons with disabilities at the Subject Property.

14      22. Plaintiff personally encountered these barriers.

15      23. This inaccessible facility denied the plaintiff full and equal access and

16  caused him difficulty, discomfort, and embarrassment.

17      24. Plaintiff plans to return and patronize Alameda Check Cashing but is

18  deterred from visiting until the defendants remove the barriers.

19      25. The defendants have failed to maintain in working and useable

20  conditions those features required to provide ready access to persons with

21  disabilities.

22      26. The barriers identified above are easily removed without much

23  difficulty or expense. They are the types of barriers identified by the

24  Department of Justice as presumably readily achievable to remove and, in fact,

25  these barriers are readily achievable to remove. Moreover, there are numerous

26  alternative accommodations that could be made to provide a greater level of

27  access if complete removal were not achievable.

28      27. A common barrier removal project is modifying transaction counters to

Complaint

make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

28. Plaintiff is deterred from returning and patronizing Alameda Check Cashing because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Alameda Check Cashing as a customer once the barriers are removed.

29. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

30. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

Complaint

§ 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

32. Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

33. In our case, there is a lowered counter next to the transaction counter but that is about 38 inches above the finish floor.

34. Instead, plaintiff was directed to use the higher transaction counter, which is not suitable for disabled customers who need a lowered transaction

Complaint

counter to conduct business. It is not enough to have a lowered transaction counter if the defendants do not use the counter to conduct business with those that the counter was meant for. In our case, it was as though the lowered counter did not exist because plaintiff was forced to use a transaction counter meant for persons with no disabilities.

35. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

37. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

38. Given its location and options, plaintiff will continue to desire to patronize Alameda Check Cashing but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

Complaint

1    40. The Unruh Act provides that a violation of the ADA is a violation of the
2    Unruh Act.  Cal. Civ. Code, § 51(f).

3    41. Defendants' acts and omissions, as herein alleged, have violated the
4    Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's
5    rights to full and equal use of the accommodations, advantages, facilities,
6    privileges, or services offered.

7    42. Because the violation of the Unruh Civil Rights Act resulted in difficulty,
8    discomfort or embarrassment for the plaintiff, the defendants are also each
9    responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-
10   (c).)

12   **PRAYER**:

13   Wherefore, Plaintiff prays that this Court award damages and provide
14   relief as follows:

15   1. For injunctive relief, compelling Defendants to comply with the
16   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the
17   plaintiff is not invoking section 55 of the California Civil Code and is not
18   seeking injunctive relief under the Disabled Persons Act at all.

19   2. Damages under the Unruh Civil Rights Act, which provides for actual
20   damages and a statutory minimum of $4,000.

21   3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
22   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

23   Dated: October 23, 2018          CENTER FOR DISABILITY ACCESS

25
26   By: _____
27        Chris Carson, Esq.
28        Attorney for plaintiff

8

Complaint